UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

    Plaintiff,

                                    CASE NO.

vs.

IVORY LADY LLC,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment as to the coverage afforded under a policy of marine insurance, and further thereto would respectfully state as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, § 2201 *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Northern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured's residence, located at 4710 North W Street in Pensacola, Florida 32505, and because the policy contains a valid and enforceable forum selection clause establishing jurisdiction where the Assured resides.

1

3.      This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4.      Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of Germany, with its office and principal place of business located in Munich, Germany.

5.      Upon information and belief, the IVORY LADY LLC, is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Pensacola, Florida.

## FACTUAL ALLEGATIONS

6.      On or about November 1, 2019, Defendant submitted to the Plaintiff, via Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7.      A true and correct copy of the said application (including the application form itself, an application for operator Thomas Gardi, a Hurricane Questionnaire/Plan, and the first Letter of Survey Recommendations Compliance), completed and signed by Defendant and submitted to Plaintiff on or about November 1, 2019 by and on behalf of the Defendant by its agent is attached hereto as Exhibit 1.

8.      Plaintiff agreed to issue its Policy No. CSRYP/178847 based upon the representations set forth in, and the material information disclosed in, the application documents attached hereto at Ex. 1.

9. The original Letter of Survey Recommendations Compliance (hereinafter "original LOC") states that all pre-insurance survey recommendations had either already been completed or would be completed "during refit" of the Vessel, which would be performed between December 2019 and April 2020. *See* ex. 1, at 8.

10. On or about November 5, 2019, Plaintiff GREAT LAKES, in exchange for good and valuable consideration issued to the Defendant named herein its Marine Insurance Policy No. CSRYP/178847, affording Hull & Machinery coverage in the amount of $920,000.00 for a period of one (1) year on the 1988 103 ft Cheoy Lee vessel named "IVORY LADY" (hereinafter "the Vessel) which was owned by the said Defendant.

11. A true and correct copy of the Policy Schedule and the policy language for Plaintiff's Policy No. CSRYP/178847, and all endorsements thereto (hereinafter "the Policy"), is attached hereto as Exhibit 2.

12. On or about September 26, 2019, Defendant, via its agent Morgan Wells of Jack Martin & Associates, advised Underwriters via e-mail that the Vessel was scheduled to undergo a refit at American Custom Yachts in Stuart, Florida, where it would remain for approximately four to five months while the refit was completed. A true and correct copy of the aforementioned September 26, 2019 e-mail is attached hereto as Exhibit 3.

13. On or about November 4, 2019, Defendant, via its agent Mr. Wells, advised Underwriters via e-mail that that Vessel would be taken from Palm Beach, Florida to Stuart, Florida for the scheduled refit on November 14, 2019. A true and correct copy of the aforementioned November 4, 2019 e-mail is attached hereto as Exhibit 4.

14. The Policy includes the following warranty:

**Additional Warranties, Terms, and Conditions:**
[….]
Permission is granted for the Scheduled Vessel to make one trip from Palm Beach, FL to Stuart, FL thereafter no navigation is permitted until all surveyors recommendations are complied with and an updated letter of survey recommendations compliance is seen and approved by underwriters.

15. Plaintiff included the above "one-trip" warranty in the Policy to ensure that the Vessel did not engage in any further navigation until all pre-insurance survey recommendations had been completed.

16. On or around June 30, 2020, during the period of Plaintiff's Policy No. CSRYP/178847, the Vessel which was owned by the said Defendant was involved in an incident in which it has been alleged that certain damage was sustained by the vessel as a result of a collision with a reef while it was being navigated to Pensacola, Florida.

17. Upon receipt of the first notice of the June 30, 2020 loss described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

18. As part of its investigation into the June 30, 2020 loss described herein, Plaintiff requested an updated Letter of Survey Recommendations Compliance, as required by the above "one-trip" warranty.

19. On or about July 2, 2020, Defendant, via its agent, provided two updated Letters of Survey Recommendations Compliance (hereinafter "updated LOC's"), both signed and dated July 2, 2020, which state that all pre-insurance survey recommendations had been completed. A true and correct copy of the two updated LOC's, dated July 2, 2020, are attached hereto as Exhibit 5.

20. The said investigation established that the fire extinguishers aboard the Vessel had not been properly serviced, as recommended by the pre-insurance survey.

4

## FIRST CAUSE OF ACTION
### (Breach of the "One-Trip" Warranty)

21.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

22.     The Policy states in pertinent part:

**Additional Warranties, Terms, and Conditions:**
[….]
Permission is granted for the Scheduled Vessel to make one trip from Palm Beach, FL to Stuart, FL thereafter no navigation is permitted until all surveyors recommendations are complied with and an updated letter of survey recommendations compliance is seen and approved by underwriters.

23.     The post-incident investigation carried out by the Plaintiff established that the Defendant failed to comply with the "one-trip" warranty in that the Vessel was being navigated to Pensacola, Florida on the date of the loss before all of the pre-insurance survey recommendations had been complied with and before an updated LOC had been seen and approved by Underwriters.

24.     Defendant was therefore in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance.

25.     Defendant's breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the Vessel as a result of the incident on June 30, 2020.

26.     Notwithstanding the said breach of an express warranty and the lack of any coverage under the Plaintiff's policy of marine insurance, Defendant IVORY LADY LLC has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

5

27. As a result of the breach of an express warranty and the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/178847. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

28. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**SECOND CAUSE OF ACTION**
**(Breach of the Survey Compliance Warranty)**

29. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

30. Plaintiff's policy states in pertinent part:

**9. General Conditions & Warranties:**
[….]
r. [….] If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper materials….

31. The post-incident investigation carried out by the Plaintiff established that the Defendant failed to comply with the survey compliance warranty in that the Vessel's fire

6

extinguishers had not been properly serviced at the time of the loss, as recommended by the pre-insurance survey.

33. Defendant was therefore in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance.

33. Defendant's breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the Vessel as a result of the incident on June 30, 2020.

34. Notwithstanding the said breach of an express warranty and the lack of any coverage under the Plaintiff's policy of marine insurance, Defendant IVORY LADY LLC has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

35. As a result of the breach of an express warranty and the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/178847. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

36. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the

existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## THIRD CAUSE OF ACTION
**(Breach of the Fire Extinguisher Warranty)**

37. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

38. Plaintiff's policy states in pertinent part:

**9. General Conditions & Warranties:**
[….]
k. If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary.

39. The post-incident investigation carried out by the Plaintiff established that the Defendant failed to comply with the above fire extinguisher warranty in that the fire extinguishers aboard the Vessel had not been properly installed and maintained in good working order.

40. Defendant was therefore in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance.

41. Defendant's breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the Vessel as a result of the incident on June 30, 2020.

42. Notwithstanding the said breach of an express warranty and the lack of any coverage under the Plaintiff's policy of marine insurance, Defendant IVORY LADY LLC has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect

8

repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

43. As a result of the breach of an express warranty and the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/178847. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

44. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**FOURTH CAUSE OF ACTION**
**(Breach of the Seaworthiness Warranty)**

45. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

46. Plaintiff's policy states in pertinent part:

**9. General Conditions & Warranties:**
[….]
b. It is warranted that the Scheduled Vessel is seaworthy at all times during the duration of this insuring agreement. Breach of this warranty will void this insuring agreement from its inception.

47. The post-incident investigation carried out by the Plaintiff established that the Defendant failed to comply with the above seaworthiness warranty in that the fire extinguishers aboard the Vessel had not been properly installed and maintained in good working order, making the Vessel unsafe to operate.

48. Defendant was therefore in direct violation of the said express warranty set forth in Plaintiff's policy of marine insurance.

49. Defendant's breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the Vessel as a result of the incident on June 30, 2020.

50. Notwithstanding the said breach of an express warranty and the lack of any coverage under the Plaintiff's policy of marine insurance, Defendant IVORY LADY LLC has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

51. As a result of the breach of an express warranty and the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/178847. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

52. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under

the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FIFTH CAUSE OF ACTION
### (Material Misrepresentation in the Updated LOC's)

53. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 20 as if set forth fully herein.

> **9. General Conditions & Warranties:**
> [….]
> m. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

54. The post-incident investigation carried out by the Plaintiff established that, notwithstanding the representation in the updated LOC's that all pre-insurance survey recommendations (including the servicing of the fire extinguishers) had been completed, the fire extinguishers had not actually been properly serviced.

55. The Defendant misrepresented/failed to disclose the material facts with regard to the completion of the pre-insurance survey requirements, including, but not limited to, the servicing of the fire extinguishers, as referenced in the updated LOC's.

56. The Defendant breached the provisions of Plaintiff's policy set forth above by misrepresenting or by failing to disclose facts and/or circumstances which were material to the Plaintiff's decision to accept and/or to continue the risk of insuring the Vessel alleged to have been owned by IVORY LADY LLC.

57. Had the Defendant disclosed the material facts herein, the Plaintiff would not have agreed to issue Policy No. CSRYP/178847, or would have issued a different policy, or would have charged a higher premium for the policy.

58. Defendant's misrepresentation and/or failure to disclose materials facts constitutes a breach of the duties imposed upon IVORY LADY LLC by the express terms of the policy and under applicable principles of federal admiralty law.

59. The Defendant's breach of the policy renders the said policy void *ab initio* and/or entitles the Plaintiff to rescind the policy.

60. Notwithstanding the lack of any coverage under the Plaintiff's policy of marine insurance, Defendant IVORY LADY LLC has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

61. As a result of the aforesaid misrepresentation of material facts at the time the Defendant applied for the policy of marine insurance, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/178847. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

62. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the aforesaid misrepresentation of material facts and resulting lack of coverage, a real and justiciable issue exists with respect to the existence

of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant as regards the incident of June 30, 2020 in which the Vessel is alleged to have sustained damage;

(B) Declaring that the breach of the policy's "one-trip" warranty by the Defendant as described herein voids Plaintiff Policy No. CSRYP/178847 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery Coverage afforded under the said policy of marine insurance;

(C) Declaring that the breach of the policy's survey compliance warranty by the Defendant as described herein voids Plaintiff Policy No. CSRYP/178847 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery Coverage afforded under the said policy of marine insurance;

(D) Declaring that the breach of the policy's fire extinguisher warranty by the Defendant as described herein voids Plaintiff Policy No. CSRYP/178847 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery Coverage afforded under the said policy of marine insurance;

(E) Declaring that the breach of the policy's seaworthiness warranty by the Defendant as described herein voids Plaintiff Policy No. CSRYP/178847 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the Hull & Machinery Coverage afforded under the said policy of marine insurance;

(F) Declaring that the Defendant's misrepresentation of material facts voids Plaintiff's Policy No. CSRYP/178847 from its inception;

(G) Declaring that Plaintiff's Policy No. CSRYP/178847 does not afford coverage to the Defendant for the incident of June 30, 2020 in which the insured vessel is alleged to have sustained damage;

(H) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:     July 27, 2020
           Fort Lauderdale, Florida

                            GOLDMAN & HELLMAN
                            *Attorneys for Plaintiff*
                            8751 W. Broward Boulevard
                            Suite 404
                            Fort Lauderdale, Florida 33324
                            Tel (954) 356-0460 Fax (954) 832-0878

                            By:    /s/ Steven E. Goldman
                                   STEVEN E. GOLDMAN, ESQ.
                                   FLA. BAR NO. 345210

14